■ JAMES MITCHELL, Respondent, v THOMAS E. SLADE, as Deputy Commissioner of the New York City Police Department, Appellant, et al., Respondent.—Order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on August 28, 1989, which, *inter alia,* granted the CPLR article 78 petition brought pursuant to the New York Freedom of Information Law (FOIL; Public Officers Law art 6), ordering respondent to turn over certain specified complaint follow-up reports, with appropriate redaction, and to turn over other documents in consultation with petitioner, unanimously modified, on the law, to the extent of deleting the requirement that respondent consult with petitioner with respect to the additional documents requested, and otherwise affirmed, without costs.

Petitioner is currently incarcerated pursuant to a judgment convicting him of murder in the second degree. He was arrested in 1976. The final appeal of his conviction was decided in 1986.

By letter dated May 30, 1988, petitioner made a Freedom of Information Law request to the New York City Police Department asking for specified categories of documents related to the investigation leading to his arrest. The Department provided petitioner with a redacted copy of his arrest report and the complaint report and asserted that follow-up reports were exempt from disclosure and the other documents requested could not be located.

After petitioner commenced this article 78 proceeding, the Department conducted a further search and located two additional responsive documents, a ballistics report and a

"wanted" circular, which were produced. Respondent averred that many of the categories of documents either didn't exist in 1976 or have been destroyed in the intravening years in accordance with Department policy.

The Department asserted that the arrest follow-up report, internally designated a form DD-5, was exempt from disclosure.

The Motion Court, after reviewing the documents in camera, declined to dismiss the petition and held that respondent had failed to meet its burden of proving exemption for the redacted DD-5 follow-up report. The Motion Court held that the exceptions contained in Public Officers Law § 87 (2) did not apply in this factual context, citing *Cornell Univ. v City of N. Y. Police Dept.* (153 AD2d 515), and ordered production of the DD-5 with appropriate redaction. On this record, after a careful review of the documents produced to the Motion Court in camera, we are satisfied that the materials are not exempt under the law enforcement exemption (Public Officers Law § 87 [2] [e]) or the intra-agency (Public Officers Law § 87 [2] [g]).

However, the Motion Court, citing neither statutory nor common law authority, but only "general principles of FOIL", stated that "petitioner should supply any additional information requested by respondent to aid in the search for these documents." We hold that, on this record, the Freedom of Information Law does not require respondent to solicit additional information from petitioner to enable respondent to identify documents possibly responsive to the FOIL request. Public Officers Law § 89 (3) places the burden on petitioner to reasonably describe the documents requested so that they can be located. *(See, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 83.) Petitioner must show by more than speculation that all responsive documents were not produced. *(See, Matter of Corbin v Ward,* 160 AD2d 596; *Matter of Moore v Santucci,* 151 AD2d 677.) Concur—Murphy, P. J., Sullivan, Carro, Wallach and Kupferman, JJ.