■ In the Matter of VERIZON NEW YORK, INC., Appellant, v DENISE R. DEVITA et al., Respondents. (Proceeding No. 1.) In the Matter of VERIZON NEW YORK, INC., Appellant, v KATE MURRAY et al., Respondents. (Proceeding No. 2.) [879 NYS2d 140]—

In two related proceedings pursuant to CPLR article 78, Verizon New York, Inc., the petitioner in both proceedings, appeals, by permission, from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), entered December 19, 2007, which denied its motion for a preliminary injunction in proceeding No. 1 enjoining the respondents Denise R. Devita, as Mayor of the Village of Laurel Hollow, and the Board of Trustees of the Village of Laurel Hollow from disclosing, pursuant to a Freedom of Information Law request by the respondent Cablevision Systems Corporation, Inc., quarterly franchise reports containing revenue and sales data submitted by the petitioner in accordance with its cable television franchise agreement with the Village of Laurel Hollow, and (2) an order of the same court dated December 14, 2007, which denied its motion for a preliminary injunction in proceeding No. 2 enjoining the respondent Kate Murray, as Supervisor of the Town of Hempstead, from disclosing, pursuant to a Freedom of Information Law request by the respondent Cablevision Systems Corporation, Inc., quarterly franchise reports containing revenue and sales data submitted by the petitioner in accordance with its cable television franchise agreement with the respondent Town of Hempstead. By decision and order on motion dated January 18, 2008, this Court, inter alia, granted that branch of the motion of Verizon New York, Inc., which was, in effect, to stay the Village of Laurel Hollow and the Town of Hempstead from disclosing its quarterly franchise reports pending hearing and determination of the appeals.

Ordered that the orders are reversed, on the law, without

costs or disbursements, the motions are granted to the extent that the disclosure of the quarterly franchise reports containing revenue and sales data is enjoined pending new determinations of the Village of Laurel Hollow and the Town of Hempstead in accordance herewith, the motions are otherwise denied, and the matters are remitted to the Mayor of the Village of Laurel Hollow and the Board of Trustees of the Village of Laurel Hollow, and the Supervisor of the Town of Hempstead, respectively, to determine whether to grant the respective Freedom of Information Law requests as a matter of discretion.

Verizon New York, Inc. (hereinafter Verizon), brought these proceedings, inter alia, to enjoin the Village of Laurel Hollow and the Town of Hempstead (hereinafter the municipalities), respectively, from disclosing, in response to requests under the Freedom of Information Law (*see* Public Officers Law § 84 *et seq.*) (hereinafter FOIL) by the respondent Cablevision Systems Corporation, Inc. (hereinafter Cablevision), material Verizon had submitted to the municipalities in accordance with its cable franchise agreements with them. The material requested consisted of quarterly franchise reports containing revenue and sales data for each municipality.

The Supreme Court erred in determining that the material requested by Cablevision did not fall squarely within an exemption from FOIL disclosure under Public Officers Law § 87 (2) (d) for material submitted to an agency by a commercial enterprise "which if disclosed would cause substantial injury to the competitive position of the subject enterprise" (Public Officers Law § 87 [2] [d]; *see Matter of Verizon v Mills,* 60 AD3d 958 [2009] [decided herewith]; *see also Matter of Markowitz v Serio,* 11 NY3d 43 [2008]). Nevertheless, because the municipalities retain discretion under FOIL to disclose Verizon's quarterly franchise reports even if the reports fall under an exemption (*see* Public Officers Law § 87 [2]; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106, 109 [1992]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562, 567 [1986]), and because each of the municipalities here indicated that its decision to release Verizon's quarterly franchise reports was based on its determination that the quarterly franchise reports did not fall under any statutory exemption to FOIL, we remit the matters to the respective municipalities in order to allow them to exercise their discretion as to whether to disclose Verizon's quarterly franchise reports notwithstanding that the quarterly franchise reports fall under FOIL's statutory exemption for substantial competitive injury. Upon remittitur, the disclosure by the municipalities of Verizon's quarterly franchise

reports is enjoined pending the new determinations of the municipalities. Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.