■ MICHAEL MULGREW, as President of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, on Behalf of ALL REPRESENTED EMPLOYEES IN THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. DOW JONES & COMPANY, INC., et al., Intervenors-Respondents. [928 NYS2d 701]—

Supreme Court improperly reviewed respondents' determination to release the requested reports under the "arbitrary and capricious" standard set forth in CPLR 7803 (3). The court should have determined whether respondents' determination "was affected by an error of law" (CPLR 7803 [3]). In any event, the matter need not be remanded since respondents properly determined that the requested reports should be released under FOIL (cf. Matter of Verizon N.Y., Inc. v Devita, 60 AD3d 956, 957 [2009]).

Public agency records, like the ones at issue here, are presumptively open for public inspection and copying, and the party seeking an exemption from disclosure has the burden of proving entitlement to the exemption (Public Officers Law § 89 [5] [e]; see Matter of Bahnken v New York City Fire Dept., 17 AD3d 228, 229 [2005], lv denied 6 NY3d 701 [2005]). Petitioner, as the party claiming the exemption, failed to sustain that burden. Although the materials sought are, in fact, intra-agency materials under Public Officers Law § 87 (2) (g), they are nonetheless subject to disclosure as "statistical or factual tabulations or data" under section 87 (2) (g) (i) (see Matter of New York 1 News v Office of President of Borough of Staten Is., 231 AD2d 524, 525 [1996]). "The mere fact that some of the data might be an estimate or a recommendation does not convert it into an expression of opinion" subject to a FOIL exemption (Matter of Polansky v Regan, 81 AD2d 102, 104 [1981]; see also Ingram v Axelrod, 90 AD2d 568 [1982]).

The requested reports also do not fall under the exemption for personal privacy set forth in Public Officers Law § 87 (2) (b). Although privacy interests are implicated by the type of information sought to be redacted, the release of the information does not fall within one of the six examples of an "unwarranted invasion of personal privacy" set forth in Public Officers Law § 89 (2) (b) (see Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005]). Further, when balancing the privacy interests at stake against the public interest in disclosure of the information (see id.), we conclude that the

requested reports should be disclosed. Indeed, the reports concern information of a type that is of compelling interest to the public, namely, the proficiency of public employees in the performance of their job duties (*see Stern v Federal Bur. Investigation*, 737 F2d 84, 92 [1984]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 31 Misc 3d 296.]**