Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered September 6, 2012, dismissing the petition brought pursuant to CPLR article 78 to annul respondent’s determination, dated February 7, 2012, which denied petitioner’s request under the Freedom of Information Law for the names of retired members of respondent, unanimously affirmed, without costs.
Respondent’s determination to withhold the names of retirees of the public retirement system, pursuant to the exemption set forth in Public Officers Law § 89 (7) was not affected by an error of law (see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 87 AD3d 506 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). Indeed, the determination is in accord with our interpretation of that exemption in Empire Ctr. for N.Y. State Policy v New York City Police Pension Fund (88 AD3d 520 [1st Dept 2011], lv dismissed 18 NY3d 901 [2012]), which followed Matter of New York Veteran Police Assn, v New York City Police Dept. Art. I Pension Fund (61 NY2d 659 [1983]). Accordingly, we adhere to our prior holding under the principle of stare decisis, which applies with particular force to issues of statutory interpretation (see Matter of Higby v Mahoney, 48 NY2d 15, 18-19 [1979]). Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ. [Prior Case History: 2012 NY Slip Op 32216(U).]