■ In the Matter of Jerald Miller, Appellant, v New York State Division of Human Rights, Respondent. [996 NYS2d 30]—

Judgment, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 6, 2012, denying the petition seeking to annul respondent's determination, dated June 21, 2012, which denied petitioner's request for disclosure of certain documents pursuant to the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The court properly denied the petition and dismissed the proceeding. Although the court reviewed respondent's determination under the "arbitrary and capricious" standard, instead of determining whether the denial "was affected by an error of law" (CPLR 7803 [3]), the matter need not be remanded since respondent properly determined that FOIL does not require

disclosure of the requested materials (*see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 87 AD3d 506, 507 [1st Dept 2011], *lv denied* 18 NY3d 806 [2012]).

Respondent properly withheld the four legal opinions requested by petitioner pursuant to the "intra-agency materials" exemption (*see* Public Officers Law § 87 [2] [g]), since they are essentially "predecisional memoranda, prepared to assist the agency in its decision-making process and . . . are not final agency determinations or policy" (*Kheel v Ravitch*, 93 AD2d 422, 427-428 [1st Dept 1983], *affd* 62 NY2d 1 [1984]). Contrary to petitioner's argument, the opinions do not fall under the exceptions to this exemption for "statistical or factual tabulations or data" (Public Officers Law § 87 [2] [g] [i]) or "instructions to staff that affect the public" (Public Officers Law § 87 [2] [g] [ii]; *see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 276 [1996]; *Matter of Tuck-It-Away Assoc., L.P. v Empire State Dev. Corp.*, 54 AD3d 154, 166 [1st Dept 2008]).

Moreover, three of the four opinions are "specifically exempted from disclosure by state . . . statute" (Public Officers Law § 87 [2] [a]; *see Matter of Short v Board of Mgrs. of Nassau County Med. Ctr.*, 57 NY2d 399 [1982]) pursuant to Executive Law § 297 (8), which prohibits respondent from making public information contained in reports obtained by it with respect to a particular person without his or her consent. Respondent cannot rely on the alternative ground raised on appeal that the legal opinions are privileged as attorney work-product pursuant to CPLR 3101 (c), since it did not invoke this ground as a basis for denying petitioner's request (*see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.*, 16 NY3d 360, 368 [2011]).

Respondent properly denied the request for its "Case Management System Legal Resources Notebook," which does not constitute a record within the meaning of FOIL, since it is not "information" (Public Officers Law § 86 [4]) but rather a software application providing the means of accessing information in its electronic file system. It also properly withheld the user's manual for that application, since its disclosure "would jeopardize [respondent's] capacity . . . to guarantee the security of its . . . electronic information systems" (Public Officers Law § 87 [2] [i]).

Since petitioner has not substantially prevailed, he is not entitled to attorney's fees and costs pursuant to Public Officers Law § 89 (4) (c). Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.