■ In the Matter of Law Offices of Adam D. Perlmutter, P.C., Respondent, v New York City Police Department et al., Appellants. [999 NYS2d 26]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 23, 2013, which insofar as appealed from as limited by the briefs, granted the petition brought pursuant to CPLR article 78 seeking, among other things, to annul respondent's determination, dated December 3, 2012, denying petitioner's Freedom of Information Law request (FOIL), and directed respondents to disclose the records requested, unanimously affirmed, without costs.

Petitioner seeks all calibration and maintenance records for all Intoxilyzer machines owned or maintained by respondent New York City Police Department since January 2008. Contrary to respondents' contention, the records sought are not exempt from FOIL on the ground that they "are compiled for law enforcement purposes and . . . , if disclosed, would . . . interfere with law enforcement investigations or judicial proceedings" (Public Officers Law § 87 [2] [e] [i]). Respondents' conclusive assertions that such records are often requested in DWI cases involving Intoxilyzer test results, and that thousands of such

cases are pending in New York City, do not meet the burden of "identify[ing] . . . the generic risks posed by disclosure of these categories of documents" (*Matter of Lesher v Hynes*, 19 NY3d 57, 67 [2012]; *see also Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 490-491 [2005]).

Respondents' argument that the records sought "are specifically exempted from disclosure by state . . . statute" (Public Officers Law § 87 [2] [a]) is not properly before us, since that exemption to FOIL was not cited by respondents at the administrative level (*see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.*, 16 NY3d 360, 368 [2011]). Were we to review it, we would reject it on the merits, since the statute cited by respondents does not exempt the records from disclosure (CPL 240.20 [1] [k]; *see also Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]). Concur—Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ. ∎