■ In the Matter of ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND et al., Appellants, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [5 NYS3d 13]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered on or about May 21, 2013, denying the petition to compel respondents to disclose 13 categories of documents generated by the Intelligence Division of respondent New York City Police Department (NYPD), requested by petitioners pursuant to the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondents' determination denying the FOIL request was not affected by an error of law (*see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 87 AD3d 506, 507 [1st Dept 2011], *lv denied* 18 NY3d 806 [2012]).

Petitioners failed to meet their "burden . . . to reasonably describe the documents requested so that they can be located" (*Mitchell v Slade*, 173 AD2d 226, 227 [1st Dept 1991], *lv denied* 78 NY2d 863 [1991]). Parts of the request sought documents relating to NYPD intelligence operations concerning unreasonably broad categories, such as any New York City businesses "frequented" by Middle Eastern, South Asian, or Muslim persons. Respondents also submitted an affidavit of an NYPD intelligence expert noting that a complete response to the request would entail searching more than 500,000 documents which, though mostly electronic, are not necessarily searchable by ethnicity, race, or religion. Thus, NYPD met its burden to establish that some of the descriptions in the FOIL request "were insufficient for purposes of locating and identifying the documents sought before denying a FOIL request for reasons of overbreadth" (*Matter of Konigsberg v Coughlin*, 68 NY2d 245, 249 [1986] [internal quotation marks and citations omitted]).

Moreover, even assuming that all of the documents sought

were reasonably described, the requested documents are exempt from disclosure under Public Officers Law § 87 (2) (e) (iii) and (iv), commonly known as the "law enforcement privilege," in that disclosure of the requested documents would identify confidential sources, confidential information relating to criminal investigations, and nonroutine investigative techniques or procedures (*see Matter of Fink v Lefkowitz*, 47 NY2d 567, 571-572 [1979]). Although petitioners note that they are amenable to redactions of identifying information such as names, addresses, and phone numbers, any attempt at redacting the records would likely allow such information to be deduced from details left unredacted, as set forth in NYPD's expert affidavit.

The court also properly found that the requested disclosure "could endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]). Granting the broadly worded request for a trove of NYPD Intelligence Division documents replete with sensitive information about the unit's methods and operations, which could be publicly disseminated and potentially exploited by terrorists, would create "a possibility of endangerment" (*Matter of Bellamy v New York City Police Dept.*, 87 AD3d 874, 875 [1st Dept 2011] [internal quotation marks and brackets omitted], *affd* 20 NY3d 1028 [2013]). In addition, the court properly recognized that the requested records are exempt from FOIL because disclosure would constitute an unwarranted invasion of personal privacy (*see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]; *see also* Public Officers Law § 87 [2] [b]). Petitioners emphasize the public interest in scrutinizing whether NYPD engaged in improper surveillance or profiling of certain communities, but this is outweighed by the privacy interests at stake given the specific purpose of this counterterrorism police operation. The revelation that a certain person, business, or organization was the subject of counterterrorism-related surveillance would not only have the potential to be embarrassing or offensive, but could also be detrimental to the reputations or livelihoods of such persons or entities. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ. **[Prior Case History: 41 Misc 3d 471.]**