In the Matter of MICHAEL P. THOMAS, Appellant, v RICHARD J. CONDON, Special Commissioner of Investigation for the New York City School District, et al., Respondents. [9 NYS3d 257]—

Judgment, Supreme Court, New York County (Frank P.

Nervo, J.), entered September 30, 2014, to the extent appealed from, denying the petition to compel the disclosure of documents pursuant to the Freedom of Information Law (Public Officers Law art 6) (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent herewith.

Petitioner seeks materials pertaining to the investigation of two complaints filed by him and another person with the Office of the Special Commissioner of Investigation for the New York City School District (SCI) concerning whether a speech that was given by an employee of the New York State Department of Education (DOE) at a public high school and later reproduced on DOE's website violated New York City Department of Education Chancellor's Regulations D-130 (I) (B) (2) and (8) and (C) (1). These regulations govern the use of school buildings by political candidates, officials and organizations and the conduct of school employees and officers with respect to political campaigns and elections.

Supreme Court improperly suggested that petitioner had the burden to establish that respondents' denial of his FOIL request was "arbitrary and capricious," "an abuse of discretion," "irrational," or "unlawful." The appropriate standard of review is whether the determination "was affected by an error of law" (CPLR 7803 [3]; *Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 87 AD3d 506, 507 [1st Dept 2011], *lv denied* 18 NY3d 806 [2012]). Moreover, the burden is on respondents to establish "that 'the material requested falls squarely within the ambit of one of the[ ] statutory exemptions' " from disclosure (*Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 657 [2012]; *see* Public Officers Law § 87 [2]). Under the circumstances of this case, the application of an improper legal standard is reversible error since it resulted in substantial prejudice to petitioner (*cf. Mulgrew*, 87 AD3d at 507 [no remand necessary since determination that requested materials should be released was proper]; *Matter of Miller v New York State Div. of Human Rights*, 122 AD3d 431 [1st Dept 2014] [no remand necessary since determination that requested materials need not be released was proper]).

Respondents failed to establish that disclosure of the materials at issue would "constitute an unwarranted invasion of personal privacy under the provisions of [section 89 (2)]" (Public Officers Law § 87 [2] [b]). They do not claim that any personal privacy category enumerated in section 89 (2) is ap-

plicable. Therefore, we must determine whether any invasion of personal privacy would be unwarranted "by balancing the privacy interests at stake against the public interest in disclosure of the information" (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]). The speech at issue excoriated unspecified candidates in the 2013 mayoral election who had taken certain positions on education policy. Notwithstanding that the speech did not name any individual candidate or political party, the complaints to SCI raised serious questions about the propriety of the speech and its publication on DOE's website. We find that there is a "significant public interest" in the requested materials, which may shed light on whether this matter was adequately investigated (*see Matter of Thomas v New York City Dept. of Educ.*, 103 AD3d 495, 497 [1st Dept 2013]). Respondents failed to establish that the claimed privacy interests outweigh this public interest (*see Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept.*, 125 AD3d 531, 532 [1st Dept 2015]). They assert that the materials contain personally identifying information such as home addresses, dates of birth, and Social Security numbers. However, that information can be redacted and does not provide a basis for withholding entire documents (*see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 463-464 [2007]; *see also* Public Officers Law § 89 [2]).

Respondents also failed to demonstrate the applicability of the inter- or intra-agency exemption, since some or all of the materials may constitute "factual tabulations or data" or "final agency . . . determinations," which do not fall within this exemption (Public Officers Law § 87 [2] [g] [i], [iii]; *see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 276-277 [1996]).

Accordingly, we direct that defendant produce the requested information to the extent it constitutes factual data or final agency determinations. Personal identifying information such as names, home addresses, dates of birth and Social Security numbers may be redacted. All other requested materials shall be provided to the court for an in camera inspection.

Petitioner's request for litigation costs pursuant to Public Officers Law § 89 (4) (c) is premature. Any determination of whether such costs are warranted must await the court's in camera inspection. Concur—Sweeny, J.P., Moskowitz, Manzanet-Daniels and Gische, JJ.