■ In the Matter of THE EXONERATION INITIATIVE, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. [22 NYS3d 1—

Order and judgment (one paper), Supreme Court, New York County (Peter H. Moulton, J.), entered October 24, 2013, granting the petition brought pursuant to CPLR article 78 to the extent of directing respondent New York City Police Department (NYPD) to disclose 2½ unredacted pages from a file pertaining to an attempted homicide investigation pursuant to the Freedom of Information Law (FOIL), and awarding petitioner $2,000 in attorney's fees, unanimously modified, on the law, to deny the petition as to pages one and two and the identifying personal information on page five, to vacate the award of attorney's fees, and to deny petitioner's request for attorney's fees, and otherwise affirmed, without costs.

Upon our in camera review of the records at issue, we find that NYPD's determination denying petitioner's FOIL request was not affected by an error of law as to pages one, two and the aforementioned portion of page five (*see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 87 AD3d 506, 507 [1st Dept 2011], *lv denied* 18 NY3d 806 [2012]). In light of the particular circumstances of this case involving an underlying conviction of attempted murder by shooting, the disclosure of identifying information about two witnesses and further details provided in the account of one of those witnesses, "could endanger the life or safety" (Public Officers Law § 87 [2] [f]) of those witnesses (*see Matter of Exoneration Initiative v New York City Police Dept.*, 114 AD3d 436, 438-439 [1st Dept 2014]; *Matter of Bellamy v New York City Police Dept.*, 87 AD3d 874 [1st Dept 2011], *affd* 20 NY3d 1028 [2013]; *Matter of Laporte v Morgenthau*, 11 AD3d 410 [1st Dept 2004]; *Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 348-349 [1st Dept 1999], *lv dismissed* 94 NY2d 791 [1999]). The identifying information is also covered by the exemption for records whose disclosure would "constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]), in light of those public safety concerns, as well as the potential "chilling effect the release of such personal information to the general public would have on future witnesses to intentional murder from cooperating with the police" (*Exoneration Initiative*, 114 AD3d at 439).

Though academic, respondent's argument based on the confidentiality exemption (Public Officers Law § 87 [2] [e] [iii]) is not properly before us, since respondent failed to cite that exemption at the administrative level (*see Matter of Law Offs. of Adam D. Perlmutter, P.C. v New York City Police Dept.*, 123

AD3d 500 [1st Dept 2014]; *see generally Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.,* 16 NY3d 360, 368 [2011]).

Since petitioner has not substantially prevailed, it is not entitled to attorney's fees pursuant to Public Officers Law § 89 (4) (c). Concur—Mazzarelli, J.P., Friedman, Sweeny and Gische, JJ.