■ In the Matter of PETER SELL, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [24 NYS3d 41]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered September 8, 2014, which, after an in camera inspection, pursuant to the Freedom of Information Law (FOIL), directed respondent Department of Education (DOE) to disclose the investigative file concerning Office of Special Investigation Case 08-4247, except for certain pages, with all Social Security numbers redacted, unanimously modified, on the law, to except from disclosure additional pages or portions of pages as indicated herein, and otherwise affirmed, without costs.

Petitioner seeks the records of an investigation by the Office of Special Investigations (OSI) into a complaint he filed alleging that school administrators had improperly influenced the re-scoring of a Regents Examination with the intent of improving the number of students who passed "with distinction." DOE denied the request, citing the statutory exemptions from disclosure of unwarranted invasion of privacy and inter- or intra-agency materials (Public Officers Law § 87 [2] [b], [g]). The CPLR article 78 court ordered the file produced for an in camera inspection, and the matter is before us following that inspection.

The court properly directed the disclosure of some portions of these records, notwithstanding that OSI found the complaint "unsubstantiated" (*see Matter of Thomas v New York City Dept. of Educ.*, 103 AD3d 495, 498 [1st Dept 2013]).

The page in which a nonparty FOIL requester, Michael Thomas, discussed certain sensitive matters is not covered by the personal privacy exemption to FOIL (Public Officers Law § 87 [2] [b]), because Thomas "consent[ed] in writing to disclosure" (Public Officers Law § 89 [2] [c] [ii]) by waiving in

an affidavit any right to confidentiality in any of the records sought. We note that the remaining records at issue largely relate to petitioner, who expressly waived his right to confidentiality in those records in writing.

Since, as respondents concede, none of the statutorily enumerated categories of "unwarranted invasion of personal privacy" is relevant here (*see* Public Officers Law § 89 [2] [b]), we must determine, "by balancing the privacy interests at stake against the public interest in disclosure of the information," whether any invasion of privacy is unwarranted (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]). We find that there is significant public interest in the proper academic assessment of public school students and therefore in the requested materials, which may shed light on the adequacy of OSI's investigation into the allegedly improperly influenced assessment in this case (*see Matter of Thomas v Condon*, 128 AD3d 528, 530 [1st Dept 2015]). Respondents failed to establish that this significant public interest is outweighed by the privacy interests of those involved. Contrary to respondents' argument, there is no indication in the record that any interviewees were promised confidentiality, explicitly or implicitly. However, all contact information other than the interviewees' names and official titles (such as identification numbers, home addresses, phone numbers, and dates of birth) should be redacted; indeed, petitioner expressly clarified in his administrative appeal that he does not seek that information.

As to the statutory exemption for inter- or intra-agency materials (Public Officers Law § 87 [2] [g]), the court erred in directing disclosure of the pages or portions of pages listed below, which are not "factual tabulations or data" or "final agency policy or determinations" (Public Officers Law § 87 [2] [g] [i], [iii]). Parts of the witness statements, email correspondence, and other materials consist of "opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making," rather than "factual account[s] of the witness's observations" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 277 [1996]). The following pages or portions of pages need not be disclosed: page 27, page 28, page 33 (the 2nd and 3nd sentences of the portion outlined in red by respondents), page 48 (the 12th to 27th lines), page 49 (the last word of the 2nd line through the 7th line), page 51, page 52 (the 2nd red-outlined box and the question in the 3rd red-outlined box), page 53 (the 2 questions in the red-outlined box), page 55 (the 1st red-outlined box, and the 2nd to 4th paragraphs of the 2nd red-outlined box), page

59 (the 2nd to 5th and 12th to 15th lines), page 62 (last 5 lines), page 68 (first 8 lines), page 68 (18th line), page 70 (3rd to 10th lines and last 2 lines), and page 96 (15th to 19th lines and last 4 lines).

As to the remaining materials at issue, the court correctly found that respondents failed to meet their burden of articulating a "particularized and specific justification" for withholding them or redacting them as sought (*Matter of Gould*, 89 NY2d at 275). There is no blanket exemption for handwritten reports of witness interviews (*see id.* at 277, citing *Ingram v Axelrod*, 90 AD2d 568 [3d Dept 1982]).

Petitioner's request for litigation costs is not properly before this Court, since he did not appeal from the order that denied that request. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.