■ In the Matter of TALIB W. ABDUR-RASHID, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. In the Matter of SAMIR HASHMI, Respondent, v NEW YORK CITY POLICE DEPARTMENT et al., Appellants. [37 NYS3d 64]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, J.), entered September 25, 2014, denying the petition brought pursuant to CPLR article 78 seeking to compel respon-

dents New York City Police Department (NYPD) and NYPD Commissioner Raymond Kelly to disclose documents requested by petitioner Talib W. Abdur-Rashid pursuant to the Freedom of Information Law (FOIL) (Public Officers Law § 84 *et seq.*), and granting respondents' motion to dismiss the proceeding, unanimously affirmed, without costs. Order, same court (Peter H. Moulton, J.), entered on or about November 17, 2014, which denied respondents' motion to dismiss the petition brought pursuant to CPLR article 78 seeking to compel them to disclose documents requested by petitioner Samir Hashmi pursuant to FOIL, and ordered respondents to submit an answer to the petition, unanimously reversed, on the law, without costs, the motion to dismiss granted, and the order to submit an answer vacated. The Clerk is directed to enter judgment dismissing the proceeding brought by petitioner Samir Hashmi.

FOIL does not prohibit respondents from giving a Glomar response to a FOIL request—that is, a response "refus[ing] to confirm or deny the existence of records" where, as here, respondents have shown that such confirmation or denial would cause harm cognizable under a FOIL exception (*Wilner v National Sec. Agency*, 592 F3d 60, 68 [2d Cir 2009], *cert denied* 562 US 828 [2010] [interpreting the Freedom of Information Act (FOIA) (internal quotation marks omitted)]). Although petitioners contend that such a response is impermissible in the absence of express statutory authorization, the Glomar doctrine is "consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 110 [1992] [internal quotation marks omitted]), since it allows an agency to safeguard information that falls under a FOIL exemption.

Although federal case law regarding FOIA is not binding on this Court, it is "instructive" when interpreting FOIL provisions (*Matter of Lesher v Hynes*, 19 NY3d 57, 64 [2012] [internal quotation marks omitted]), and the application of the Glomar doctrine to FOIA requests has been widely approved by federal circuit courts (*see Wilner*, 592 F3d at 68 [citing decisions of four other circuit courts upholding or endorsing the Glomar doctrine as applied to FOIA requests]). We have considered the differences between the two statutes, as identified by petitioners, amici curiae, and the *Hashmi* court (46 Misc 3d 712, 722-724 [Sup Ct, NY County 2014]), but find that they do not justify rejecting the Glomar doctrine in the context of FOIL.

Respondents' invocations of the Glomar doctrine were not af-

fected by an error of law (*see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 87 AD3d 506, 507 [1st Dept 2011], *lv denied* 18 NY3d 806 [2012]). Respondents met their burden to "articulate particularized and specific justification" for declining to confirm or deny the existence of the requested records, which sought information related to NYPD investigations and surveillance activities (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996] [internal quotation marks omitted]). In particular, respondents showed that answering petitioners' inquiries would cause harm cognizable under the law enforcement and public safety exemptions of Public Officers Law § 87 (2) (*see* § 87 [2] [e], [f]; *see generally Gould*, 89 NY2d at 274-275).

The affidavits submitted by NYPD's Chief of Intelligence establish that confirming or denying the existence of the records would reveal whether petitioners or certain locations or organizations were the targets of surveillance, and would jeopardize NYPD investigations and counterterrorism efforts. The records sought here are a subset of the records found properly exempt under FOIL in *Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept.* (125 AD3d 531, 532 [1st Dept 2015], *lv denied* 26 NY3d 919 [2016]). We see no reason to depart from this recent precedent.

By this decision, we do not suggest that any FOIL request for NYPD records would justify a Glomar response. "An agency resisting disclosure of the requested records has the burden of proving the applicability of [a FOIL] exemption" and must submit "a detailed affidavit showing that the information logically falls within the claimed exemptions" and "the basis for [the agency's] claim that it can be required neither to confirm nor to deny the existence of the requested records" (*Wilner*, 592 F3d at 68 [internal quotation marks omitted]). In view of the heightened law enforcement and public safety concerns identified in the affidavits of NYPD's intelligence chief, Glomar responses were appropriate here. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.