Matter of Empire State Beer Distribs. Assn., Inc. v New York State Liq. Auth. (2018 NY Slip Op 00924)





Matter of Empire State Beer Distribs. Assn., Inc. v New York State Liq. Auth.


2018 NY Slip Op 00924


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


5675 102016/15

[*1]In re Empire State Beer Distributors Association, Inc., et al., Petitioners-Respondents,
v
New York State Liquor Authority, Respondent-Appellant, Costco Wholesale Corporation, et al., Respondents-Intervenors-Appellants.


Christopher R. Riano, Albany (Mark D. Frering of counsel), for New York State Liquor Authority, appellant.
Nolan & Heller, LLP, Albany (Richard L. Burstein of counsel), for Costco Wholesale Corporation and BJ's Wholesale Club, Inc., appellants.
Gerstman Schwartz & Malito, LLP, Garden City (Ian-Paul A. Poulos of counsel), for respondents.



Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered October 3, 2016, granting the petition to the extent of directing respondent New York State Liquor Authority (NYSLA) to disclose unredacted copies of stipulations entered into between NYSLA and respondents-intervenors Costco Wholesale Corporation and BJ's Wholesale Club, Inc., requested by petitioners pursuant to the Freedom of Information Law (FOIL), unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed.
NYSLA's determination denying petitioner's FOIL request was not "affected by an error of law" (CPLR 7803[3]; see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 87 AD3d 506 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). Respondents met their burden of establishing that disclosure of the redacted portions of NYSLA's separate stipulations with the two intervenors "would cause substantial injury to the competitive position of the subject enterprise[s]" (Public Officers Law § 87[2][d]). Although NYSLA's promise to keep the stipulations confidential does not automatically exempt them from FOIL (see Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 567 [1984]), under the particular circumstances of this case, disclosing the stipulation terms at issue, would likely deter some customers from patronizing those stores, leading to economic loss (see Matter of New York State Elec. & Gas Corp. v New York State Energy Planning Bd., 221 AD2d 121, 125 [3d Dept 1996], appeal withdrawn 89 NY2d 1031 [1997]). Contrary to petitioners' argument, intervenors met their burden of presenting "specific, persuasive evidence that disclosure will cause [them] to suffer a competitive injury," and did not "merely
rest on a speculative conclusion that disclosure might potentially cause harm" by leading to negative publicity (Matter of Markowitz v Serio, 11 NY3d 43, 51 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK