Matter of Stankevich v New York City Police Dept. (2019 NY Slip Op 04767)





Matter of Stankevich v New York City Police Dept.


2019 NY Slip Op 04767


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9612 101119/16

[*1]In re Andrew J. Stankevich, Petitioner-Appellant,
v
The New York City Police Department, Respondent-Respondent, William T. Bratton, etc., Respondent.


Andrew J. Stankevich, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered May 17, 2018, denying the petition to compel respondents to disclose records requested by petitioner pursuant to the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously modified, on the facts, to vacate the award of costs and disbursements, and otherwise affirmed, without costs.
The court properly dismissed this proceeding as time-barred. Petitioner commenced this proceeding in July 2016, more than four months after the January 2016 denial of petitioner's administrative appeal as to his first FOIL request (CPLR 217[1]). Petitioner's second FOIL request, though broader than his first request, was essentially "duplicative of his prior request, and therefore did not extend or toll his time to commence an article 78 proceeding" (Matter of Kelly v New York City Police Dept., 286 AD2d 581, 581 [1st Dept 2001]; see Matter of Walker v Roque, 137 AD3d 643 [1st Dept 2016]). Petitioners' allegations of misrepresentations by the NYPD, including allegedly inaccurate statements as to whether responsive records could be located, do not present a "rare exception" to the general rule "that estoppel is not available against a governmental agency in the exercise of its governmental functions" (Pless v Town of Royalton, 81 NY2d 1047, 1049 [1993] [internal quotation marks omitted]).
Even if this proceeding is timely as to any nonduplicative portions of petitioner's second FOIL request, that request was properly denied. Petitioner failed to meet his burden to reasonably describe the records sought (see e.g. Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531 [1st Dept 2015], lv denied 26 NY3d 919 [2016]).
Under the specific facts here, we modify to delete the award of costs and disbursements to respondents.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK