Matter of Aron Law, PLLC v New York City Dept. of Educ. (2021 NY Slip Op 01713)





Matter of Aron Law, PLLC v New York City Dept. of Educ.


2021 NY Slip Op 01713


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 158176/19 Appeal No. 13399 Case No. 2020-04305 

[*1]In the Matter of Aron Law, PLLC, Petitioner-Appellant,
v
New York City Department of Education, Respondent-Respondent.


Aron Law, PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondent.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 8, 2020, which, to the extent appealed from as limited by the briefs, denied the petition for an order compelling respondent New York City Department of Education (DOE) to produce six categories of documents requested by petitioner pursuant to the Freedom of Information Law (FOIL) and dismissed this article 78 proceeding, unanimously affirmed, without costs.
Pursuant to a FOIL request sent to the DOE, petitioner sought the production of all records for the past five years pertaining to (1) FOIL requests that were denied "for not being reasonably described," (2) denials of FOIL requests that referenced "search for the needle in the haystack," (3) denials that referenced either of two key FOIL decisions, and (4) denials that referenced a particular advisory opinion by the Committee on Open Government. Petitioner also sought all affidavits provided by DOE in proceedings brought pursuant to CPLR article 78 "illustrating how a [FOIL] request fails to reasonably describe records."
DOE's denial of the FOIL request on the grounds that the records sought were not "reasonably described," as required by Public Officers Law § 89(3)(a), was not affected by an error of law (see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 87 AD3d 506, 507 [1st Dept 2011], lv denied 18 NY3d 806 [2012]).
DOE met its burden of establishing that "the descriptions in the FOIL request were insufficient for purposes of locating and identifying the documents sought before denying a FOIL request for reasons of overbreadth" (Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531, 531 [1st Dept 2015], lv denied 26 NY3d 919 [2016]). In this regard, the affidavit of the DOE's Records Access Officer (RAO) explained that the agency's database contained files relating to some 14,000 FOIL requests, organized into a like number of folders and containing roughly between 100,000 and 500,000 individual files. The RAO said that he had attempted to formulate a search for documents responsive to petitioner's request and that, given the resulting extremely broad search and the massive database, "the system's search never appears to end during the course of a day." The RAO concluded that the only way to identify responsive documents would be to visually examine approximately 5,400 folders, covering requests made in the preceding five years, which contain tens of thousands of files, and that this task would take an employee some 900 hours. The RAO also outlined the further issue of confidentiality and that responsive files may include sensitive student records, which would have to be individually examined for redaction. This process would take a "significant" amount of time, and, because the files consisted largely of sensitive student records, DOE could not reasonably engage an outside service provider to perform the redaction (see Public Officers Law § 89[3][a[*2]]).
The RAO's affidavit establishes that the records sought by petitioner were not "reasonably described" as contemplated by Public Officers Law § 89(3)(a)(see Asian Am. Legal Defense & Educ. Fund, 125 AD3d at 531; Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1272-1274 [3d Dept 2020]; see also FOIL-AO-18949 [Comm. on Open Govt. Aug. 20, 2012] ["agency staff are not required to engage in herculean or unreasonable efforts in locating records to accommodate a person seeking records"]). Additionally, petitioner failed to submit any evidence, either through an expert or someone with knowledge of the facts, to dispute the RAO's attestations.
Petitioner's reliance on Matter of Jewish Press, Inc. v New York City Dept. of Educ. (183 AD3d 731, 731, 732 [2d Dept 2020]), is misplaced. There, although more than 100,000 individual personnel files "'not coded or stored electronically'" would have to be searched, the FOIL request was improperly denied on "reasonably described" grounds because the respondent conceded that it could locate the requested records. No such concession is made here and indeed, the RAO specifically outlined the DOE's
inability to locate requested documents, to the extent that they exist.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021