Matter of Oustatcher v Clark (2023 NY Slip Op 03075)

Matter of Oustatcher v Clark

2023 NY Slip Op 03075

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 803006/22 Appeal No. 422 Case No. 2022-03093 

[*1]In the Matter of Adam Oustatcher, Petitioner-Appellant,
v
Darcel Clark, etc., et al., Respondents-Respondents.

Adam Oustatcher, Garden City, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (David M. Cohn and Amir H. Khedmati of counsel), for respondents.

Order and judgment (one paper), Supreme Court, Bronx County (Paul Alpert, J.), entered June 23, 2022, which denied the petition to compel respondents to disclose records requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
"[J]udicial review of an agency's determination of a FOIL request is limited to whether it 'was affected by an error of law' " (Matter of Jewish Press, Inc. v New York City Police Dept., 190 AD3d 490, 490 [1st Dept 2021], lv denied 37 NY3d 906 [2021]; see CPLR 7803[3]). Because the court properly denied the petition under that standard, the court's improper application of other standards under CPLR 7803(3) to the FOIL request does not warrant reversal (see e.g. Matter of Miller v New York State Div. of Human Rights, 122 AD3d 431, 431-432 [1st Dept 2014]; Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 87 AD3d 506, 507 [1st Dept 2011], lv denied 18 NY3d 806 [2012]).
Petitioner's request for various categories of records pertaining to attorneys who have "committed misconduct," under an expansive definition of "misconduct" set forth in the FOIL request and regardless of whether any consequences were imposed on the attorneys, "failed to describe the documents sought with sufficient specificity as to permit respondent[s] to identify and locate them." The Records Access Officer (RAO) established that this "information is not stored in any centralized manner," and responding to the FOIL request would involve manually reviewing employees' personnel files and making individual determinations as to employees (Matter of Jewish Press v Metropolitan Transp. Auth. of the State of N.Y., 193 AD3d 460, 461 [1st Dept 2021], lv denied 37 NY3d 917 [2022] [internal quotation marks omitted]). Thus, respondents demonstrated a reasonable basis for denying petitioner's request by "showing that any responsive records are not indexed in a manner that would enable the identification and location of documents in the agency's possession" (id. [internal quotation marks omitted]; see Matter of Aron Law, PLLC v New York City Dept. of Educ., 192 AD3d 552 [1st Dept 2021], lv denied 37 NY3d 907 [2021]). While unsworn, the RAO's initial decision on the FOIL request was admissible and sufficient to meet respondents' burden under these circumstances (see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]).
Petitioner failed to establish his entitlement to an evidentiary hearing (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]). In addition, there is no basis for awarding attorney's fees to petitioner since he has not "substantially prevailed" (Public Officers Law § 89 [4] [c] [ii]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023