Matter of Fisher v City of N.Y. Off. of the Mayor (2023 NY Slip Op 05468)

Matter of Fisher v City of N.Y. Off. of the Mayor

2023 NY Slip Op 05468

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 157755/21 Appeal No. 920 Case No. 2023-00339 

[*1]In the Matter of Janon Fisher, Petitioner-Respondent,
v
The City of New York Office of the Mayor, Respondent-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloe K. Moon of counsel), for appellant.
Cornell Law School First Amendment Clinic, Ithaca (Heather E. Murray and Christina N. Neitzey of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about December 2, 2022, which granted the petition to the extent of directing respondent City of New York Office of the Mayor to provide redacted copies of the records sought in accordance with the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
The City has not preserved its argument that the Mayor's Advisory Committee on the Judiciary, the body from which petitioner requested the records, is not an agency covered by FOIL even though the City raised that issue in its initial denial of the FOIL request. The City did not rely on that ground in its decision in denying petitioner's administrative appeal, and the Corporation Counsel affirmatively waived and abandoned this issue at oral argument before Supreme Court. This Court has no discretionary authority in an article 78 proceeding to reach an unpreserved issue in the interest of justice (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Nevertheless, the City properly applied the personal privacy exemption (Public Officer's Law § 89[2][a]) to deny petitioner's FOIL request in its entirety, as the City sustained its burden of establishing that disclosure of the records sought in this case — "all Uniform Judicial Questionnaires for applicants . . . under review by the Mayor's Advisory Committee on the Judiciary" as of October 21, 2020 — would "constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]; see Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005]). Disclosure of the questionnaire, which states the word "CONFIDENTIAL" in upper-case letters and boldface near the top of its first page, would undermine the assurances of confidentiality provided to candidates for judicial office (see Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 380 [2012], cert denied 568 US 1157 [2013]).
Moreover, disclosure would create a chilling effect, thus potentially diminishing the candor of applicants and causing others to decide against applying for judicial positions. The questionnaire contains extensive questions touching on highly personal and sensitive matters, such as personal relationships, reasons for leaving jobs, reasons for periods of unemployment, substance abuse, arrests, criminal convictions, testifying as a witness in criminal cases, and reasons for anticipated difficulty in handling the stresses involved in being a judge, as well as a catch-all question at the end of the questionnaire asking for any other information, specifically including unfavorable information, that could bear on the evaluation of the judicial candidate. In addition to the particular contents of the questionnaires, disclosure of the very fact that certain candidates [*2]submitted the questionnaires could harm those persons' reputations by revealing that they sought to leave their jobs, or were unsuccessful in their applications for judicial positions (see Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept., 125 AD3d 531, 532 [1st Dept 2015], lv denied 26 NY3d 919 [2016]). Trying to address all these potential problems merely by ordering redactions to the questionnaires would be judicially unworkable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023