Matter of QueensRail Corp. v Metropolitan Transp. Auth. (2023 NY Slip Op 06458)

Matter of QueensRail Corp. v Metropolitan Transp. Auth.

2023 NY Slip Op 06458

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 157453/21 Appeal No. 1190 Case No. 2023-01678 

[*1]In the Matter of QueensRail Corporation, Petitioner-Appellant,
v
Metropolitan Transportation Authority, Respondent-Respondent.

Government Justice Center, Inc., Albany (Cameron J. Macdonald of counsel), for appellant.
Calcaterra Law PC, New York (James Aliaga of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (William Franc Perry, J.), entered September 12, 2022, which, insofar as appealed from as limited by the briefs, denied the petition to compel respondent to disclose records requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to reinstate the proceeding and remand the matter for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Disclosing cost information in the contract proposals submitted to respondent by nonparty Systra Engineering, Inc. would likely result in substantial competitive injury to Systra, by revealing essential information about its previously successful approach to bidding for engineering contracts (see Matter of Catapult Learning, LLC v New York City Dept. of Educ., 109 AD3d 731, 732 [1st Dept 2013]). Petitioner is not entitled to other information in the contract proposals with redactions to the cost information, because redactions to records requested under FOIL are available only under the personal privacy exemption (see Matter of Judicial Watch, Inc. v City of New York, 178 AD3d 540, 541 [1st Dept 2019]), which is not raised in this case. Petitioner's procedural arguments based on Public Officers Law § 89(5) are also unavailing.
Respondent failed to demonstrate the applicability of the intra-agency materials exemption to petitioner's request for certain work product produced by Systra, "since some or all of the materials may constitute 'factual tabulations or data[,]' . . . which do not fall within this exemption" (Matter of Thomas v Condon, 128 AD3d 528, 530 [1st Dept 2015], quoting Public Officers Law § 87[2][g]). Accordingly, we remand for respondent to provide petitioner with any records responsive to petitioner's request for work product to the extent that they constitute factual data and do not contain cost information, and to submit any other records responsive to petitioner's request for work product to Supreme Court for an in camera inspection (see Matter of Thomas, 128 AD3d at 530; see also Matter of Whitehead v Warren County Bd. of Supervisors, 165 AD3d 1452, 1454 [3d Dept 2018]). Respondent's argument that it does not possess some of the work product sought by petitioner is unpreserved, since respondent never relied on that ground to support its determination at the administrative level (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [2017]). Moreover, the FOIL request adequately described the work product sought.
We have considered respondent's remaining arguments as to work product and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023