■ JOHN G. MAJTAN, Appellant, v HOWARD D. JOHNSON COMPANY et al., Respondents.—Judgment unanimously reversed on the law with costs and motion denied. Memorandum: The court erred in granting defendants' motion for summary judgment because defendants failed to meet their burden of proving as a matter of law that the remarks made by their employee, a waitress, to a customer about plaintiff's sexual preference were outside the scope of her employment *(see generally, Riviello v Waldron,* 47 NY2d 297, 303; *Murray v Watervliet City School Dist.,* 130 AD2d 830), particularly in light of the fact that her job responsibilities included making conversation with the customers *(cf., Heindel v Bowery Sav. Bank,* 138 AD2d 787). We further find that plaintiff has raised a question of fact whether defendants ratified their employee's statements *(see, e.g., Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684; *see generally,* 52 NY Jur 2d, Employment Relations, § 358). (Appeal from judgment of Supreme Court, Herkimer County, O'Donnell, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.

■ PATRICIA O. WILSON, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants.—Judgment reversed on the law without costs and new trial granted. Memorandum: Defendant contends that the trial court erred in charging the jury that, if any term used in the insurance policy was susceptible to more than one interpretation, the term must be construed in favor of the insured. Since the interpretation of the policy's ambiguous terms was without reference to extrinsic proof, it was for the court to determine as a matter of law *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). Here, the court properly charged the jury on the meaning of the words in the policy and then erroneously instructed the jury to resolve any ambiguity in the language of the policy against the insurer. Because that erroneous instruction may have caused the jury to place the burden of proof on the defendant, we reverse and grant a new trial.

All concur, except Callahan, J. P., who dissents and votes to affirm. (Appeal from judgment of Supreme Court, Ontario County, Boehm, J.—declaratory judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.