■ NORMAN B. SCHELL, Appellant, v JOHN DOWLING, Respondent. [662 NYS2d 771] —In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Brucia, J.), dated December 12, 1995, as granted those branches of the defendant's motion which were (a) to amend his answer and (b) for summary judgment dismissing the second cause of action in the complaint, and (2) an order of the same court (Phelan, J.), entered June 13, 1996, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 12, 1995, is dismissed, as that order was superseded by the order entered June 13, 1996, made upon reargument; and it is further,

Ordered that the order entered June 13, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court providently exercised its discretion in permitting the defendant to amend his answer to assert the defenses of absolute and qualified privilege, as the defenses were meritorious, and the plaintiff failed to establish prejudice or surprise (*see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Norwood v City of New York,* 203 AD2d 147; CPLR 3025 [b]).

The plaintiff, the former director of the Communicable Disease Control unit of the Nassau County Department of Health, alleged in his complaint that the defendant, the Commissioner of the Nassau County Department of Health, made certain defamatory statements regarding his handling of a tuberculosis incident in a local school. We conclude that the plaintiff's cause of action alleging defamation was properly dismissed on the ground that the statements were absolutely privileged (*see, Park Knoll Assocs. v Schmidt,* 59 NY2d 205; *Clark v McGee,* 49 NY2d 613). Assuming, arguendo, that the defendant made the allegedly defamatory statements to a newspaper reporter, the subject matter involved his official duties. Considering that the Health Department's handling of the tuberculosis incident had become a matter of public controversy, the forum in which the statements were made was sufficiently connected to the defendant's official duties to warrant the protection provided by the privilege (*see, Lombardo v Stoke,* 18 NY2d 394; *cf., Clark v McGee, supra,* at 621).

Moreover, even if the statements were not covered by absolute privilege, the defense of qualified privilege applied (*see, Stukuls v State of New York,* 42 NY2d 272; *Paskiewicz v National Assn. for Advancement of Colored People,* 216 AD2d 550). The plaintiff failed to present evidentiary proof sufficient to demonstrate that the defendant's statements were made in bad faith or were motivated solely by malice (*see, Liberman v Gelstein,* 80 NY2d 429).

We note that the plaintiff has not raised any issue on appeal with respect to the dismissal of his cause of action alleging the intentional infliction of emotional distress (*see, Schell v Nassau County Dept. of Health,* 237 AD2d 423) and accordingly we treat it as abandoned (*see, Morrison v Budget Rent A Car Sys.,* 230 AD2d 253). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.