■  EDWARD H. RECHBERGER, IV, et al., Respondents, v SCO-LARO, SHULMAN, COHEN, FETTER & BURSTEIN, P.C., Appellant, et al., Defendants. [848 NYS2d 459]—

Appeal from an order of the Supreme Court, Wyoming County (Robert C. Noonan, A.J.), entered August 8, 2006. The order denied the motion of defendant Scolaro, Shulman, Cohen, Fetter & Burstein, P.C. for summary judgment and granted plaintiffs' cross motion to compel the deposition of a partner of that defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the complaint against defendant Scolaro, Shulman, Cohen, Fetter & Burstein, P.C. is dismissed and the cross motion is dismissed as moot.

Memorandum: Plaintiffs commenced this action seeking, inter alia, damages for investment losses arising from the alleged legal malpractice of Scolaro, Shulman, Cohen, Fetter & Burstein, P.C. (defendant). We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint against it. "To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship" (*Moran v Hurst,* 32 AD3d 909, 910 [2006]) and, here, defendant met its burden by establishing as a matter of law that it had no attorney-client relationship with plaintiffs (*see Volpe v Canfield,* 237 AD2d 282, 283 [1997], *lv denied* 90 NY2d 802 [1997]). Contrary to the contention of plaintiffs, their unilateral belief that they had an attorney-client relationship with defendant does not by itself confer upon them the status of clients (*see Wei Cheng Chang v Pi,* 288 AD2d 378, 380 [2001], *lv denied* 99 NY2d 501 [2002]). Also contrary to plaintiffs' contention, defendant's representation of a corporation of which plaintiffs were shareholders does not establish that defendant had an attorney-client relationship with plaintiffs, in the absence of documentary evidence to the contrary (*see Griffin v Anslow,* 17 AD3d 889 [2005]).

We have considered plaintiffs' alternate grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), and we conclude that, insofar as they are preserved for our review (*see Marcel v Chief Energy Corp.*, 38 AD3d 502, 503 [2007]; *Medina v MSDW 140 Broadway Prop., L.L.C.*, 13 AD3d 67 [2004]), they are without merit. Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.