■ ARTHUR BERRY, Appellant, v UTICA NATIONAL INSURANCE GROUP et al., Defendants, and McCLUSKY LAW FIRM, LLC, Respondent. [886 NYS2d 784]—

Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered November 18, 2008 in a legal malpractice action. The order and judgment granted the motion of defendant McClusky Law Firm, LLC for summary judgment dismissing the complaint against it.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages arising from the alleged malpractice of McClusky Law Firm, LLC (defendant) in failing to commence a timely action against defendant Utica National Insurance Group (Utica National). Supreme Court properly granted the motion of defendant seeking summary judgment dismissing the complaint against it. "To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship" (*Moran v Hurst*, 32 AD3d 909, 910 [2006]). Defendant met its burden of establishing as a matter of law that it had no attorney-client relationship with plaintiff, and plaintiff failed to raise a triable issue of fact (*see Volpe v Canfield*, 237 AD2d 282, 283 [1997], *lv denied* 90 NY2d 802 [1997]). The unilateral belief of plaintiff that he was defendant's client does not by itself confer that status upon him (*see Rechberger v Scolaro, Shulman, Cohen, Fetter & Burstein, P.C.*, 45 AD3d 1453 [2007]; *Moran*, 32 AD3d at 911). Further, evidence that plaintiff contacted defendant concerning his dispute with Utica National does not establish the existence of an attorney-client relationship absent further evidence of an "explicit undertaking [by defendant] to perform a specific task" (*Wei Cheng Chang v Pi*, 288 AD2d 378, 380 [2001], *lv denied* 99 NY2d 501 [2002]; *see McGlynn v Gurda*, 184 AD2d 980 [1992], *appeal dismissed and lv denied* 80 NY2d 988 [1992]). Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.