■ Adam Dailey, Respondent, v Labrador Development Corp., Appellant. [29 NYS3d 162]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Carni, Lindley and DeJoseph, JJ.

■ Tattoos By Design, Inc., Doing Business as "Hardcore Tatoo," et al., Respondents, v Mark Kowalski et al., Appellants. [29 NYS3d 225]—Motion for reargument or, in the alternative, leave to appeal to the Court of Appeals is granted to the extent that, upon reargument, the memorandum and order entered February 11, 2016 (136 AD3d 1406) is amended by deleting the second sentence of the third paragraph of the memorandum and substituting the following sentence: "Here, Hardcore's owner conceded at her deposition that she had 'no evidence' that any of the statements in the press release were false and that the tattoo artist may have made the statements attributed to him in order to expand his client base, thereby essentially conceding that plaintiffs could not establish a prima facie case of defamation." Present—Peradotto, J.P., Carni, Lindley and DeJoseph, JJ.

■ The People of the State of New York ex rel. Keith Todd, Appellant, v New York State Department of Corrections and Community Supervision, Respondent. [29 NYS3d 229]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (see People v Crawford, 71 AD2d 38 [1979]). (Appeal from Judgment [denominated order] of Supreme Court, Wyoming County, Michael M. Mohun, A.J.—Habeas Corpus). Present—Centra, J.P., Carni, DeJoseph, Curran and Scudder, JJ.

■ The People of the State of New York, Respondent, v Kevin Coley, Appellant. [29 NYS3d 228]—Motion to dismiss granted. Memorandum: The matter is remitted to Oneida County Court to vacate the judgment of conviction and dismiss the indictment either sua sponte or on application of either the District Attorney or the counsel for defendant (see People v Matteson, 75 NY2d 745 [1989]). Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.