# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**527**
**CA 15-01711**
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF TODD SPRING,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

COUNTY OF MONROE, MONROE COMMUNITY HOSPITAL,
MAGGIE BROOKS, AS MONROE COUNTY EXECUTIVE,
JUSTIN FEASEL, AS MONROE COUNTY RECORDS
ACCESS OFFICER AND DIRECTOR OF COMMUNICATIONS,
AND DANIEL M. DELAUS, JR., AS MONROE COUNTY
RECORDS APPEAL OFFICER, RESPONDENTS-APPELLANTS.

---

HARRIS, CHESWORTH, JOHNSTONE & WELCH, LLP, ROCHESTER (EUGENE WELCH OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

-----------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Monroe County (Thomas A. Stander, J.), entered January
7, 2015 in a CPLR article 78 proceeding. The judgment, insofar as
appealed from, granted in part the petition to compel disclosure of
certain documents pursuant to the Freedom of Information Law.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying the petition insofar as it
seeks disclosure of documents contained in the confidential record at
pages 1, 2, 4 through 6, 9 through 21, 46 through 50, 54 through 64,
68, 72 through 82, 88 through 99, 104 through 108, 110, 111, and 120,
and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking disclosure of approximately 200 documents, emails, memoranda,
and reports pursuant to the Freedom of Information Law (FOIL). After
conducting an in camera review, Supreme Court directed the disclosure
of several documents, and respondents appeal.

Initially, we note that the court erred in applying the arbitrary
and capricious standard of review and instead should have determined
whether the Records Appeal Officer's determination " 'was affected by
an error of law' " (*Mulgrew v Board of Educ. of the City Sch. Dist. of
the City of N.Y.*, 87 AD3d 506, 507, *lv denied* 18 NY3d 806). In any
event, we have conducted a de novo review applying the appropriate
standard relating to the disputed documents, and we modify the
judgment as discussed herein.

We conclude that the email correspondence between petitioner and

"in-house" counsel for respondent County of Monroe (County) found in the confidential record at pages 1, 2, 4 through 6, and 9 through 21 is exempt from FOIL disclosure.  Counsel for the County represented petitioner only in petitioner's capacity as a County employee.  Thus, only the County could waive the attorney-client privilege protecting the correspondence.  Petitioner's "unilateral belief" that he was the client is, by itself, of no moment (*Berry v Utica Nat. Ins. Group*, 66 AD3d 1376, 1376).  Similarly, the email correspondence found in the confidential record at pages 104 through 108, 110, 111, and 120 between a County employee and hired counsel for the County is protected by attorney-client privilege.

We also conclude that the draft informal dispute resolution (IDR) request found in the confidential record at pages 46 through 50 is also exempt from FOIL disclosure inasmuch as it is protected by attorney-client privilege, by attorney work product privilege, and as inter-agency material pursuant to Public Officers Law § 87 (2) (g).  The draft IDR request "does not contain statistical or factual tabulations or data . . . or final agency policies or determinations. It consists solely of . . . evaluations, recommendations and other subjective material and is therefore exempt from disclosure" (*Matter of Rome Sentinel Co. v City of Rome*, 174 AD2d 1005, 1006).  Similarly, the documents found in the confidential record at pages 54 through 58, representing a "chronological explanation" of a County Human Resources investigation are exempt from disclosure by attorney-client privilege and under section 87 (2) (g).

We further conclude that the documents found in the confidential record at pages 59 through 64, 68, 72 through 74, and 88 through 99 are exempt from disclosure under Public Officers Law § 87 (2) (g) inasmuch as those documents contain, inter alia, " 'opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making' " (*Matter of Sell v New York City Dept. of Educ.*, 135 AD3d 594, 595).  The hearing transcript found in the confidential record at pages 75 through 82 constitutes predecisional intra-agency material and is also exempt from FOIL disclosure (*see Sinicropi v County of Nassau*, 76 AD2d 832, 833, *lv denied* 51 NY2d 704).

With respect to the remaining materials at issue, we conclude that respondents have failed to show that they are exempt from disclosure.

Finally, respondents are correct that there is an inconsistency between the decision portion of the "decision, order and judgment" on appeal and the decretal paragraphs therein.  In its decision, the court held that emails located in the confidential record at pages 112 through 119 were protected by attorney-client privilege.  In the second and third decretal paragraphs, however, the court included those records as items to be disclosed to petitioner.  We conclude that the second and third decretal paragraphs should be conformed to the decision by excluding the documents found in the confidential record at pages 112 through 119 (*see Nicastro v New York Cent. Mut. Fire Ins. Co.*, 117 AD3d 1545, 1546, *lv dismissed* 24 NY3d 998).  We

further conclude, based on our review of those emails, that they are exempt from FOIL disclosure by attorney-client privilege.