TODD SPRING, Respondent, v COUNTY OF MONROE et al., Appellants. [57 NYS3d 799]—

Appeals from an order of the Supreme Court, Monroe County (James P. Murphy, J.), entered June 6, 2016. The order, inter alia, denied the motions of defendants to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of defendants County of Monroe, Monroe Community Hospital, Maggie Brooks, as Monroe County Executive, Daniel M. DeLaus, Jr., Esq., William K. Taylor, Esq., Brett Granville, Esq., and Merideth H. Smith, Esq., in part and dismissing the first and second causes of action, and as modified the order is affirmed without costs.

Memorandum: In this action arising from plaintiff's employment at defendant Monroe Community Hospital (MCH), plaintiff asserted three causes of action against various defendants. The first cause of action, for legal malpractice, was asserted against defendants Daniel M. DeLaus, Jr., Esq., William K. Taylor, Esq., Brett Granville, Esq., and Merideth H. Smith, Esq. (collectively, County attorneys). The second cause of action, for negligence, was asserted against MCH, the County attorneys, and defendants County of Monroe (County), and Maggie Brooks, as Monroe County Executive. The third cause of action, for defamation, was asserted against Brooks and defendant Karen Fabi. The County, MCH, Brooks, and the County attorneys (collectively, County defendants) and Fabi made separate motions to dismiss the complaint against them. The County defendants and Fabi now appeal from an order that denied the motions, and we modify the order by granting the County defendants' motion in part and dismissing the first and second causes of action.

On these motions to dismiss, we accept the facts alleged in the complaint as true and accord plaintiff the benefit of every favorable inference (*see Daley v County of Erie*, 59 AD3d 1087, 1087-1088 [2009]). According to plaintiff, he became employed by the County in 2001 and became the Executive Health Director/Chief Administrative Officer of MCH in 2004. In February or March 2013, "questions were raised" regarding the treatment of a patient of MCH and, in March 2013, an investigation was commenced by the New York State Department of Health (DOH) and the New York State Attorney General. The County provided plaintiff with legal representation by the County attorneys. Although plaintiff was assured that there was no conflict of interest, the County attorneys were also representing the County and other MCH staff members, whose interests were adverse to plaintiff. On March 29, 2013, the DOH issued a statement of deficiency that included accusations against plaintiff with respect to the treatment of a patient at MCH. In or around April 2013, the County hired an independent consultant to assist with a response to the statement of deficiencies and to contest DOH's allegations by preparing and filing an "Informal Dispute Resolution" (IDR/appeal). The consultant invited plaintiff to provide her with any information, and she told plaintiff that she agreed with him that an IDR/appeal should be filed. The written IDR/appeal report was finalized on April 25, 2013 but, at the last minute, the County attorneys decided not to submit it. In plaintiff's view, the filing of the IDR/appeal was in his best legal interests and would have protected his reputation, his license as a nursing home administrator, and his position as executive director of MCH. On May 8, 2013, plaintiff requested that he be represented by private counsel. The County defendants did not respond to that request and, on May 10, 2013, plaintiff was terminated.

We agree with the County attorneys that Supreme Court erred in denying that part of the motion of the County defendants seeking to dismiss the legal malpractice cause of action, and we therefore modify the order accordingly. It is well established that, "[t]o recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship" (*Moran v Hurst*, 32 AD3d 909, 910 [2006]; *see Berry v Utica Natl. Ins. Group*, 66 AD3d 1376, 1376 [2009]; *Rechberger v Scolaro, Shulman, Cohen, Fetter & Burstein, P.C.*, 45 AD3d 1453, 1453 [2007]). In a prior appeal arising from the same incident as here, we determined that plaintiff did not have an attorney-client relationship with the County attorneys inasmuch as "[c]ounsel for the County represented [plaintiff] only in [plaintiff's] capacity as a County employee" (*Matter of*

*Spring v County of Monroe*, 141 AD3d 1151, 1152 [2016]). Consequently, plaintiff is collaterally estopped from claiming here that the County attorneys represented him individually (*see generally Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Thus, the legal malpractice cause of action must be dismissed because there was no attorney-client relationship between plaintiff and the County attorneys (*see Berry*, 66 AD3d at 1376; *Moran*, 32 AD3d at 911-912).

We further agree with the County defendants that the court erred in denying that part of their motion seeking to dismiss the negligence cause of action, and we therefore further modify the order accordingly. "In a negligence-based claim against a municipality, a plaintiff must allege that a special duty existed between the municipality and the plaintiff" (*Kirchner v County of Niagara*, 107 AD3d 1620, 1623 [2013]; *see Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *Laratro v City of New York*, 8 NY3d 79, 82-83 [2006]). Here, plaintiff's complaint fails to allege the existence of any special duty, and therefore plaintiff's second cause of action should also be dismissed.

To the extent that the court determined pursuant to CPLR 3211 (d) that the County defendants' motion was premature, we conclude with respect to the legal malpractice cause of action that there was no showing that "additional discovery would disclose facts 'essential to justify opposition' to defendants' motion," inasmuch as discovery will not reveal an attorney-client relationship between plaintiff and the County attorneys (*Bouley v Bouley*, 19 AD3d 1049, 1051 [2005]). With respect to the negligence cause of action, additional discovery is not warranted inasmuch as it could not remedy plaintiff's failure to plead a special duty.

We reject the contentions of the County defendants and Fabi that the court erred in denying those parts of the motions seeking to dismiss the defamation cause of action asserted only against Brooks and Fabi. It is well established that " '[t]he elements of a cause of action for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se' " (*D'Amico v Correctional Med. Care, Inc.*, 120 AD3d 956, 962 [2014]). A plaintiff in a defamation action "must allege that he or she suffered 'special damages'—'the loss of something having economic or pecuniary value' " (*El Jamal v Weil*, 116 AD3d 732, 733-734 [2014]), unless the defamatory statement falls within one of the four "per se" excep-

tions, which "consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman" (*Liberman v Gelstein*, 80 NY2d 429, 435 [1992]). "A statement imputing incompetence or dishonesty to the plaintiff is defamatory per se if there is some reference, direct or indirect, in the words or in the circumstances attending their utterance, which connects the charge of incompetence or dishonesty to the particular profession or trade engaged in by plaintiff" (*Van Lengen v Parr*, 136 AD2d 964, 964 [1988]).

With respect to Brooks, we reject the contention of the County defendants that her statements were not defamation per se. "[G]ranting 'every possible inference' " to plaintiff (*Accadia Site Contr., Inc. v Skurka*, 129 AD3d 1453, 1454 [2015]), we conclude that Brooks' statements constitute defamation per se inasmuch as they allegedly injure plaintiff in his professional standing (*see Elibol v Berkshire-Hathaway, Inc.*, 298 AD2d 944, 945 [2002]; *see generally Accadia Site Contr., Inc.*, 129 AD3d at 1454). Furthermore, contrary to the County defendants' contention, "the complaint contains sufficient allegations that [Brooks] acted with malice in making the alleged defamatory statements to withstand that part of [the County] defendants' motion seeking dismissal of the defamation cause of action" against Brooks (*Kondo-Dresser v Buffalo Pub. Schools*, 17 AD3d 1114, 1115 [2005]; *cf. O'Neill v New York Univ.*, 97 AD3d 199, 213 [2012]).

With respect to Brooks and Fabi, we also reject the contentions of the County defendants and Fabi that the alleged defamatory comments made by Brooks and Fabi were not actionable inasmuch as they were statements of opinion. "While a pure opinion cannot be the subject of a defamation claim, an opinion that 'implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, . . . is a mixed opinion and is actionable' " (*Davis v Boeheim*, 24 NY3d 262, 269 [2014]). "What differentiates an actionable mixed opinion from a privileged, pure opinion is 'the implication that the speaker knows certain facts, unknown to [the] audience, which support [the speaker's] opinion and are detrimental to the person being discussed' " (*id.*). Here, at this early stage of the litigation, we cannot state as a matter of law that the allegedly defamatory statements made by Brooks and Fabi are pure opinion (*see id.* at 274).

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been

rendered academic by our determination. Present—Peradotto, J.P., DeJoseph, NeMoyer and Curran, JJ.