■ VINCENT C. STEVENSON, Appellant, v DAWN CRAMER, Defendant, and VILLAGE OF EAST SYRACUSE et al., Respondents. [57 NYS3d 859]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered July 28, 2016. The order, insofar as appealed from, granted that part of the motion of defendants for summary judgment with respect to the first cause of action as against defendants-respondents.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the first cause of action is reinstated against defendants-respondents.

Memorandum: Plaintiff commenced this defamation action alleging that defendant Dawn Cramer made defamatory remarks in the course of her employment as an administrative assistant for defendants Village of East Syracuse (Village), East Syracuse Fire Department, and East Syracuse Fire Department, Inc. (collectively, Fire Department), i.e., that plaintiff was a "child molester" and that she had "tapes" to prove it. Plaintiff further alleged that the Village and the Fire Department are vicariously liable for Cramer's actions. Cramer, the Village, and the Fire Department moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion with respect to Cramer, but granted the motion with respect to the Village and the Fire Department (hereafter, defendants).

As limited by his brief, plaintiff contends that the court erred

in granting that part of the motion seeking to dismiss the first cause of action alleging defamation against defendants. It is well established that, although "[s]lander as a rule is not actionable unless the plaintiff suffers special damage," where, as here, a statement charges plaintiff with a serious crime, the statement constitutes " 'slander per se' " and special damage is not required (*Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]; *see Accadia Site Contr., Inc. v Skurka*, 129 AD3d 1453, 1453 [2015]). Nevertheless, "[a] qualified privilege arises when a person makes a good[ ]faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (*Fiore v Town of Whitestown*, 125 AD3d 1527, 1529 [2015], *lv denied* 25 NY3d 910 [2015] [internal quotation marks omitted]; *see Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007]). Here, Cramer is alleged to have made the statement to the assistant fire chief in connection with plaintiff's application for membership in the Fire Department in December 2012 and at a Fire Department meeting in January 2013 during a discussion of his application for membership.

We conclude that defendants met their initial burden of establishing that any alleged statements are protected by a qualified privilege inasmuch as they were made between members of the organization in connection with plaintiff's application for membership, and thus "the burden shifted to plaintiff[ ] to raise a triable issue of fact 'whether the statements were motivated solely by malice' " (*Tattoos By Design, Inc. v Kowalski*, 136 AD3d 1406, 1408 [2016], *amended on rearg* 138 AD3d 1515 [2016]). "If [Cramer's] statements were made to further the interest protected by the privilege, it matters not that [she] *also* despised plaintiff. Thus, a triable issue is raised only if a jury could reasonably conclude that 'malice was the one and only cause for the publication' " (*Liberman*, 80 NY2d at 439). Plaintiff provided the deposition testimony of the assistant fire chief, who testified that Cramer told him to "go tell [plaintiff] for me that if he continues with this application I'm going to pull out tapes that I have that shows he's a child molester and that it's going to ruin his life." Plaintiff also provided the deposition testimony of a woman who was at the Fire Department in January or February 2012 and heard Cramer call plaintiff a "child molester"; that same witness heard Cramer call plaintiff a pedophile in 2011. A Fire Department employee testified in his deposition that he heard Cramer say to her husband that she had proof that plaintiff was a "child molester." In light of that evidence, we therefore conclude

that plaintiff raised an issue of fact whether Cramer's statements were motivated solely by malice and thus are not protected by a qualified privilege.

"An employer may be held vicariously liable for an allegedly slanderous statement made by an employee only if the employee was acting within the scope of his or her employment at the time that the statement was made" (*Seymour v New York State Elec. & Gas Corp.*, 215 AD2d 971, 973 [1995]). We further conclude that defendants failed to establish their entitlement to judgment as a matter of law that Cramer was not acting within the scope of her employment when she allegedly made the statements to the assistant fire chief and/or at the meeting (*see Buck v Zwelling*, 272 AD2d 895, 896 [2000]; *Majtan v Johnson Co.*, 168 AD2d 912, 912 [1990]; *see generally Riviello v Waldron*, 47 NY2d 297, 302-303 [1979]). Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.