Spring v County of Monroe (2019 NY Slip Op 00747)





Spring v County of Monroe


2019 NY Slip Op 00747


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1092 CA 18-00748

[*1]TODD SPRING, PLAINTIFF-RESPONDENT,
v
COUNTY OF MONROE, MAGGIE BROOKS, AS MONROE COUNTY EXECUTIVE, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






HARRIS, CHESWORTH, JOHNSTONE & WELCH, LLP, ROCHESTER (EUGENE WELCH OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (GLENN E. PEZZULO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (James P. Murphy, J.), entered March 29, 2018. The order, insofar as appealed from, denied in part the motion of defendants County of Monroe and Maggie Brooks, as Monroe County Executive, for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendants-appellants is granted in its entirety, and the complaint is dismissed against them.
Memorandum: On a prior appeal, we dismissed the first cause of action, for legal malpractice, and the second cause of action, for negligence, against defendants County of Monroe (County) and Maggie Brooks, as Monroe County Executive, among others, pursuant to CPLR 3211 (Spring v County of Monroe, 151 AD3d 1694, 1694-1696 [4th Dept 2017]). We declined, however, to dismiss the defamation cause of action asserted against Brooks, the County, and defendant Karen Fabi (id. at 1696-1697). The County and Brooks (collectively, defendants) thereafter moved for summary judgment dismissing the remaining cause of action, for defamation, against them. Defendants appeal from an order insofar as it denied the motion in part with respect to the alleged defamatory statements of Brooks, contending that those statements are covered by both absolute and qualified privilege. We agree with defendants that the court erred in denying the motion in part, and we therefore reverse the order insofar as appealed from.
The relevant facts are not in dispute. Plaintiff was the Executive Health Director/Chief Administrative Officer of defendant Monroe Community Hospital (MCH). In March 2013, the New York State Department of Health (DOH) received complaints concerning plaintiff's treatment of a patient of MCH and an ensuing DOH investigation concluded that the complaints were substantiated. The County terminated plaintiff from his position on May 10, 2013. That same day, Brooks, as the Monroe County Executive, provided statements to the press that were published in local newspapers. In his complaint, plaintiff challenged the following three statements made by Brooks: (1) " As a result of the [C]ounty's own independent, external review, it is apparent that [plaintiff] did not live up to my standards for excellence in care at MCH and we have changed leadership
accordingly' "; (2) " There was not one moment, one single piece of information that said, "aha, this is it". We took all of that information. We put it together. I decided it was in the best interests of the hospital and the residents to move forward at this time and to replace the executive director' "; and (3) " I don't think there's any question that [plaintiff] fell short of our standards of excellence in care that we have at that facility.' " Brooks also wrote the following in a letter to individuals related to or associated with MCH residents: " [I]t is apparent to me that [*2][plaintiff] did not live up to my standards for excellence in care at MCH.' "
We agree with defendants that the statements were absolutely privileged. The absolute privilege defense affords complete immunity from liability for defamation to " an official [who] is a principal executive of State or local government' . . . with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties" (Clark v McGee, 49 NY2d 613, 617 [1980]). "The first prong of that test . . . [requires an examination of] the personal position or status of the speaker," and "the second prong . . . requires an examination of the subject matter of the statement and the forum in which it is made in the light of the speaker's public duties" (Doran v Cohalan, 125 AD2d 289, 291 [2d Dept 1986], lv dismissed 69 NY2d 984 [1987]). We conclude that absolute privilege applies here because Brooks was the Monroe County Executive (see id.) and her statements with respect to plaintiff's termination concerned matters involving her official duties. Furthermore, because the investigation and the underlying actions of plaintiff became a matter of public attention and controversy, Brooks's form of communication, i.e., statements to the press, was warranted (see Kilcoin v Wolansky, 75 AD2d 1, 10 [2d Dept 1980], affd 52 NY2d 995 [1981]; Schell v Dowling, 240 AD2d 721, 722 [2d Dept 1997]; cf. Doran, 125 AD2d at 291).
Even assuming, arguendo, that the statements were not covered by absolute privilege, we conclude that the defense of qualified privilege applies. "Generally, a statement is subject to a qualified privilege when it is fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his [or her] own affairs, in a matter where his [or her] interest is concerned" (Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [2007] [internal quotation marks omitted]). Here, defendants satisfied their initial burden by establishing that Brooks made the relevant statements in her role as the Monroe County Executive, thereby discharging her responsibility to keep the public informed regarding a sensitive issue that had obtained extensive media attention (see Schell, 240 AD2d at 722), and thus "the burden shifted to plaintiff[] to raise a triable issue of fact whether the statements were motivated solely by malice" (Stevenson v Cramer, 151 AD3d 1932, 1933 [4th Dept 2017] [internal quotation marks omitted]). Plaintiff failed to meet that burden (see Fiore v Town of Whitestown, 125 AD3d 1527, 1529 [4th Dept 2015], lv denied 25 NY3d 910 [2015]; Schell, 240 AD2d at 722).
In light of our determination, we do not address defendants' remaining contentions.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court