Braunstein v Day (2021 NY Slip Op 03438)





Braunstein v Day


2021 NY Slip Op 03438


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05274
 (Index No. 34256/16)

[*1]Shalom Braunstein, appellant,
v
Edwin J. Day, respondent.


Sussman and Associates, Goshen, NY (Michael H. Sussman and Jonathan R. Goldman of counsel), for appellant.
Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 3, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In October 2016, the plaintiff commenced this action against the defendant, Edwin J. Day, the Rockland County Executive, seeking to recover damages for defamation. The plaintiff alleged in the complaint that he is the principal of an entity that was the prospective buyer of nursing care facilities owned and operated by Rockland County, and that, after the transaction failed to close on the closing date, the defendant defamed him in statements to the media and in a written press release, among other things, injuring the plaintiff's reputation. Thereafter, the defendant moved for summary judgment dismissing the complaint on the grounds, inter alia, that the allegedly defamatory statements were subject to a qualified privilege. By order dated April 3, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals. We affirm.
The elements of a cause of action to recover damages for defamation are "(a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Udell v NYP Holdings, Inc., 169 AD3d 954, 955 [internal quotation marks omitted]). An allegedly defamatory "statement is subject to a qualified privilege when it is fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his own affairs, in a matter where his [or her] interest is concerned" (Stega v New York Downtown Hosp., 31 NY3d 661, 669-670 [internal quotation marks omitted]; see New York Horse Rescue Corp. v Suffolk Socy. for the Prevention of Cruelty to Animals, 164 AD3d 909, 910). To defeat this qualified privilege, "the plaintiff may show either common-law malice, i.e., spite or ill will, or may show actual malice, i.e., knowledge of falsehood of the statement or reckless disregard for the truth" (Laguerre v Maurice, 192 AD3d 44, 49 [internal quotation marks omitted]; see Liberman v Gelstein, 80 NY2d 429, 438-439).
Here, the defendant established that his statements to the press and constituents regarding the failed transaction, which involved the planned transfer of nursing care facilities owned and operated by the County to the entity operated by the plaintiff, constitute a matter of public concern and are thus entitled to a qualified privilege of immunity from liability (see Schell v Dowling, 240 AD2d 721, 722; see also Stukuls v State of New York, 42 NY2d 272, 278-279). In opposition, the plaintiff failed to raise a triable issue that the statements were motivated by either common-law or actual malice (see Liberman v Gelstein, 80 NY2d at 438-439; New York Horse Rescue Corp. v Suffolk Socy. for the Prevention of Cruelty to Animals, 164 AD3d at 910).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court