Crehan v Richardson (2025 NY Slip Op 01527)

Crehan v Richardson

2025 NY Slip Op 01527

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., OGDEN, DELCONTE, AND HANNAH, JJ.

789 CA 23-01484

[*1]VINCENT CREHAN AND KATHRYN EHRIG, PLAINTIFFS-APPELLANTS,
v
JEFFREY B. RICHARDSON, RON GIZA, KAREN NOVO AND PATRICK DALTON, IN THEIR CAPACITIES AS TRUSTEES OF AMALGAMATED TRANSIT UNION LOCAL 1342 NIAGARA FRONTIER TRANSIT METRO SYSTEM PENSION FUND, AMALGAMATED TRANSIT UNION LOCAL 1342 NIAGARA FRONTIER TRANSIT METRO SYSTEM PENSION FUND, AMALGAMATED TRANSIT UNION LOCAL 1342 NIAGARA FRONTIER TRANSIT METRO SYSTEM PENSION PLAN, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BLITMAN & KING LLP, SYRACUSE (BRIAN J. LACLAIR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered August 16, 2023. The order granted the motion of defendants-respondents to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendants Jeffrey B. Richardson, Ron Giza, Karen Novo, Patrick Dalton, in their capacities as trustees of the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund, Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund, and Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Plan is denied, and the complaint is reinstated against those defendants.
Memorandum: Plaintiffs were employees of the Niagara Frontier Transit Metro System who took leaves of absence from their respective positions to serve as officers of their union, Amalgamated Transit Union Local 1342 (Union). During their service as Union officers, plaintiffs applied for and were granted early retirement and began collecting their pension benefits. Following a determination by the Internal Revenue Service that plaintiffs were not eligible to receive pension benefits while they were still working for the Union, plaintiffs' monthly pension income was prospectively reduced in order to recoup payments that allegedly had been improperly made in prior years. Plaintiffs thereafter commenced this action, asserting causes of action for declaratory judgment, injunctive relief, breach of contract, and equitable estoppel against defendants Jeffrey B. Richardson, Ron Giza, Karen Novo, and Patrick Dalton, in their capacities as trustees of the Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund (Trustees), Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Fund, and Amalgamated Transit Union Local 1342 Niagara Frontier Transit Metro System Pension Plan (collectively, Fund defendants). Plaintiffs also asserted causes of action against the Trustees for breach of fiduciary duty and negligence and [*2]against defendants Jules L. Smith and Mark L. Stulmaker (collectively, attorney defendants) for breach of fiduciary duty and negligence/malpractice. In appeal No. 1, plaintiffs appeal from an order granting the Fund defendants' motion to dismiss the complaint against them. In appeal No. 2, plaintiffs appeal from an order and judgment granting Smith's motion to dismiss the complaint against him. In appeal No. 3, plaintiffs appeal from an order granting Stulmaker's motion to dismiss the complaint against him.
Plaintiffs contend in appeal No. 1 that Supreme Court erred in granting the Fund defendants' motion. We agree. On a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7), "[i]t is axiomatic that plaintiff[s'] complaint is to be afforded a liberal construction, that the facts alleged therein are accepted as true, and that plaintiff[s] [are] to be afforded every possible favorable inference in order to determine whether the facts alleged in the complaint 'fit within any cognizable legal theory' " (Palladino v CNY Centro, Inc., 70 AD3d 1450, 1451 [4th Dept 2010], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see generally Holbrook v National Fuel Gas Distrib. Corp., 11 AD3d 1040, 1041-1042 [4th Dept 2004]). Similarly, dismissal under CPLR 3211 (a) (1) is appropriate only if defendants' documentary evidence " 'utterly refutes the plaintiff[s'] factual allegations, conclusively establishing a defense as a matter of law' " (Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 343 [2024], quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). We conclude that plaintiffs' first cause of action adequately states a claim for a declaration that plaintiffs are entitled to their full, previously awarded benefits due to the arbitrary and capricious nature of the underlying determination to reduce their monthly pension income, and we further conclude that the Fund defendants' submissions do not conclusively disprove plaintiffs' claim (see generally Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1429-1431 [3d Dept 2021]). The court erred in granting the Fund defendants' motion with respect to the second cause of action, seeking a permanent injunction, inasmuch as it is based on the same substantive allegations as the first cause of action (see generally Pickard v Campbell, 207 AD3d 1105, 1110 [4th Dept 2022], lv denied 39 NY3d 910 [2023]). Plaintiffs' third cause of action adequately states a claim for breach of contract and defendants' documentary evidence does not conclusively establish a defense as a matter of law (see Eccles, 42 NY3d at 343), and the court thus erred in granting the Fund defendants' motion with respect thereto (see generally Hartshorne, 200 AD3d at 1429-1430; Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 813 [2d Dept 2018]). Inasmuch as the Fund defendants did not offer separate or distinct arguments for dismissing the fourth, fifth, and seventh causes of action, we conclude that the court erred in granting the Fund defendants' motion with respect to those causes of action.
Contrary to plaintiffs' contentions in appeal Nos. 2 and 3, the court did not err in granting the motions of the attorney defendants. With respect to plaintiffs' sixth cause of action, for breach of fiduciary duty, we note that "[t]he elements of a cause of action for a breach of fiduciary duty are 'the existence of a fiduciary relationship, misconduct by defendant, and damages directly caused by that misconduct' " (Kaleida Health v Hyland, 200 AD3d 1654, 1655 [4th Dept 2021]; see Wells v Hurlburt Rd. Co., LLC, 145 AD3d 1486, 1487 [4th Dept 2016]; Matter of Lorie DeHimer Irrevocable Trust, 122 AD3d 1352, 1352-1353 [4th Dept 2014]). A fiduciary relationship is "grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 593 [2012], rearg denied 19 NY3d 1065 [2012] [internal quotation marks omitted]). "[C]ourts should not ordinarily transport [the parties] to [that] higher realm of relationship and fashion a stricter duty for them" where the parties have not themselves created such a relationship (id.). "[E]ssential elements of a fiduciary relation are . . . reliance, . . . de facto control and dominance" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 11 NY3d 146, 158 [2008] [internal quotation marks omitted]; see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21 [2008]). Stated differently, "[a] fiduciary relationship exists when confidence is reposed on one side and there is resulting superiority and influence on the other" (AG Capital Funding Partners, L.P., 11 NY3d at 158). Determining whether a fiduciary relationship exists is necessarily a fact-specific inquiry (see Oddo Asset Mgt., 19 NY3d at 593; AG Capital Funding Partners, L.P., 11 NY3d at 158). Here, however, the complaint merely alleged, in conclusory terms, the existence of a fiduciary duty to plaintiffs "as [p]ension [p]lan participants and beneficiaries." There are no factual allegations supporting a greater duty than that typically owed, and indeed the complaint itself suggests a customary arm's length and indirect relationship between plan attorneys and plan participants. Plaintiffs do not allege that the attorney defendants had discretionary authority or [*3]control over the management or administration of the plan, and the complaint does not set forth allegations suggesting that a higher level of trust or control had been established between the attorney defendants and plaintiffs (cf. Roni LLC v Arfa, 18 NY3d 846, 848-849 [2011]; EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 20 [2005]). A plaintiff cannot show that a fiduciary relationship existed "by merely stating, in a conclusory fashion, that [a defendant] acted as a fiduciary and that a relationship of trust existed" (Marmelstein, 11 NY3d at 21). Rather, it is incumbent on a plaintiff to "articulate specific facts that will allow a court to distinguish a viable claim of breach of fiduciary duty" from nonactionable conduct (id. at 21-22).
With respect to plaintiffs' eighth cause of action, for malpractice, "[i]t is well established that, '[t]o recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship' " (Spring v County of Monroe, 151 AD3d 1694, 1695 [4th Dept 2017]; see Berry v Utica Natl. Ins. Group, 66 AD3d 1376, 1376 [4th Dept 2009]). Here, plaintiffs' complaint does not set forth sufficient facts from which the existence of an attorney-client relationship may be demonstrated or inferred. Instead, the complaint itself states that the attorney defendants provided their services "to the [plan] [t]rustees" and to the plan itself but does not assert the existence of an attorney-client relationship between the attorney defendants and plaintiffs. We reject plaintiffs' contention that an exception to the attorney-client requirement is alleged in the complaint. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference, but "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Rhodes v Honigman, 131 AD3d 1151, 1152 [2d Dept 2015]; see Matter of Niagara County v Power Auth. of State of N.Y., 82 AD3d 1597, 1599 [4th Dept 2011], lv dismissed in part & denied in part 17 NY3d 838 [2011]). Here, to the extent that the complaint can be viewed to include allegations of circumstances warranting application of an exception to the attorney-client relationship requirement (see generally Bluntt v O'Connor, 291 AD2d 106, 114 [4th Dept 2002], lv denied 98 NY2d 605 [2002]), those allegations are flatly contradicted by the record.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court