Caputo v Tubiolo (2025 NY Slip Op 01532)

Caputo v Tubiolo

2025 NY Slip Op 01532

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, AND KEANE, JJ.

800 CA 23-01338

[*1]JAMES R. CAPUTO, M.D., PLAINTIFF-APPELLANT,
v
RICHARD S. TUBIOLO, ESQ., BRYAN S. KORNFIELD, ESQ., AND HIRSCH & TUBIOLO, P.C., DEFENDANTS-RESPONDENTS. 

JAMES R. CAPUTO, M.D., PLAINTIFF-APPELLANT PRO SE. 
BARCLAY DAMON LLP, ROCHESTER (TARA J. SCIORTINO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered July 21, 2023. The order and judgment granted the motion of defendants for summary judgment, dismissed the complaint and denied the cross-motion of plaintiff seeking, inter alia, leave to amend the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a medical doctor, commenced this legal malpractice action alleging that defendants were negligent in their representation of plaintiff with respect to charges asserted against him by the New York State Office of Professional Medical Conduct (OPMC). Supreme Court granted defendants' motion seeking summary judgment dismissing the complaint and denied plaintiff's cross-motion seeking, inter alia, leave to amend the complaint to conform the pleadings to the proof and summary judgment on the complaint. We affirm.
We conclude that defendants met their initial burden on their motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "In order to establish their entitlement to judgment as a matter of law, defendants had to present evidence in admissible form establishing that plaintiff[ ] [is] 'unable to prove at least one necessary element of the legal malpractice action' " (Seubert v Marchioni, 112 AD3d 1370, 1371 [4th Dept 2013], lv denied 22 NY3d 865 [2014]), e.g., that defendants " 'failed to exercise that degree of care, skill and diligence commonly possessed by a member of the legal community' " (Phillips v Moran & Kufta, P.C., 53 AD3d 1044, 1044-1045 [4th Dept 2008]; see Scartozzi v Potruch, 72 AD3d 787, 789-790 [2d Dept 2010]; see generally Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Here, plaintiff alleges that defendants deviated from the standard of care by failing to timely answer the statement of charges asserted by OPMC in a professional misconduct proceeding, and the evidence that defendants submitted in support of their motion establishes that defendants did not have an attorney-client relationship with plaintiff at the time of the default (see Berry v Utica Natl. Ins. Group, 66 AD3d 1376, 1376 [4th Dept 2009]). Plaintiff's unilateral belief that he was defendants' client is insufficient to confer that status upon him (see id.). We further conclude that defendants established that any negligence on their part was not a proximate cause of plaintiff's alleged damages (see Dabiri v Porter, 227 AD3d 860, 861 [2d Dept 2024]; Casey v Exum, 219 AD3d 456, 457 [2d Dept 2023]). In opposition to the motion, plaintiff failed to raise an issue of fact (see generally Zuckerman, 49 NY2d at 562).
We reject plaintiff's contention that the court abused its discretion in denying that part of his cross-motion seeking leave to amend the pleading to conform to the evidence pursuant to CPLR 3025 (c) (see generally Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 143 AD3d 1238, 1240-1241 [4th Dept 2016]; General Elec. Co. v Towne Corp., 144 AD2d 1003, 1004 [4th [*2]Dept 1988], lv dismissed 73 NY2d 994 [1989]). "Although leave to amend [a pleading] should be freely granted, it will not be granted if the proposed amendment is without merit or would cause prejudice to the opposing party" (Fingerlakes Chiropractic v Maggio, 269 AD2d 790, 791 [4th Dept 2000]; see generally Guest v City of Buffalo, Dept. of Sts. Sanitation, 109 AD2d 1080, 1081 [4th Dept 1985]). Here, plaintiff seeks to amend his complaint to include allegations that he had an attorney-client relationship with defendants on or before the deadline for submitting an answer to the charges in the professional malpractice proceeding. As previously noted, however, defendants established on their motion that plaintiff did not have an attorney-client relationship with defendants on or before the date the answer was due, and thus the proposed amendment is without merit (see generally Knight v Realty USA.COM, Inc., 96 AD3d 1443, 1445 [4th Dept 2012]).
We have reviewed plaintiff's remaining contentions and conclude that none warrants modification or reversal of the order and judgment.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court