Woloszuk v Logan-Young (2025 NY Slip Op 02444)

Woloszuk v Logan-Young

2025 NY Slip Op 02444

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

109 CA 23-01826

[*1]JACEK WOLOSZUK, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ELLEN WOLOSZUK, DECEASED, PLAINTIFF-APPELLANT,
v
WENDE LOGAN-YOUNG, M.D., WENDE LOGAN-YOUNG, M.D., DOING BUSINESS AS ELIZABETH WENDE BREAST CLINIC, PHILIP MURPHY, M.D., SOUTHEAST OBSTETRICS & GYNECOLOGY, P.C., AND RITA CLEMENT, M.D., DEFENDANTS-RESPONDENTS. 

PAUL WILLIAM BELTZ, LLC, BUFFALO, MAGAVERN MAGAVERN GRIMM LLP (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
UNDERBERG & KESSLER LLP, ROCHESTER (MARGARET E. SOMERSET OF COUNSEL), FOR DEFENDANTS-RESPONDENTS WENDE LOGAN-YOUNG, M.D., WENDE LOGAN-YOUNG,

 

 Appeal from an order of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered October 25, 2023. The order denied the motion of plaintiff to vacate an order dismissing the action. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is reinstated.
Memorandum: In this medical malpractice action, plaintiff appeals from an order that denied plaintiff's motion to vacate Supreme Court's sua sponte dismissal of the complaint pursuant to CPLR 3216. We reverse.
Between July 2020—when the case was reassigned to the instant Justice—and September 2022, the court issued at least seven separate scheduling orders, each directing that the note of issue be filed by a date certain. Each of those scheduling orders was ultimately amended. As relevant here, on July 28, 2022, the court issued a "second supplemental scheduling order," which directed that the note of issue "shall be filed" by September 30, 2022. The second supplemental scheduling order set forth the terms for seeking an extension, and did not advise the parties that the failure to timely file the note of issue would result in dismissal. One week before the second supplemental scheduling order was to elapse, plaintiff's counsel requested an extension consistent with the terms of that scheduling order.
On October 4, 2022—after the deadline to file the note of issue had elapsed—the court informed the parties that it was declining to extend the scheduling order. Defense counsel inquired as to how the court wished for them to proceed, and on November 16, 2022, the court issued a sua sponte order dismissing the action pursuant to CPLR 3216. Shortly thereafter, [*2]plaintiff moved, among other things, to "reverse" the November 16, 2022 order that dismissed the action and to restore the action to the trial calendar. Defendants opposed the motion. The court amended its prior decision dismissing the case, but found that dismissal of the action was a valid exercise of its discretion and denied plaintiff's motion.
We agree with plaintiff that the court erred in denying his motion inasmuch as the court erred in dismissing the complaint for want of prosecution. CPLR 3216 (a) provides that where a party fails to prosecute an action, "the court, on its own initiative or on motion, with notice to the parties, may dismiss the party's pleading." Further, CPLR 3216 (b) is clear and unambiguous: "No dismissal shall be directed under any portion of subdivision (a) of this rule and no court initiative shall be taken or motion made thereunder unless the following conditions precedent have been complied with," and the enumerated list of conditions precedent includes that "[t]he court or party seeking such relief, as the case may be, shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed. Where the written demand is served by the court, the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216 [b] [3] [emphasis added]; see Cadichon v Facelle, 18 NY3d 230, 235 [2011], rearg denied 18 NY3d 935 [2012]).
Stated another way, absent strict compliance with the conditions precedent to dismissal set forth in CPLR 3216 (b) (3), "[n]o dismissal shall be directed" (CPLR 3216 [b]). Indeed, "[t]he conditions precedent to bringing a motion to dismiss for failure to prosecute under CPLR 3216 must be complied with strictly" (Frank L. Ciminelli Constr. Co. v City of Buffalo, 110 AD2d 1075, 1076 [4th Dept 1985], appeal dismissed 65 NY2d 1053 [1985]).
Among those conditions precedent are the service of a ninety-day demand to resume prosecution, by registered or certified mail, which specifically states that the failure to file the note of issue within ninety days will serve as a basis for a motion to dismiss for want of prosecution (see CPLR 3216 [b] [3]). Where the ninety-day demand is served by the court, the demand shall also "set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (id.).
Here, the court did not serve a ninety-day demand upon plaintiff, and for that reason alone, the court erred in directing dismissal pursuant to CPLR 3216. Even assuming, arguendo, that the court's second supplemental scheduling order could serve as the substitute for a ninety-day demand, that scheduling order did not indicate that dismissal would result if plaintiff failed to file the note of issue, nor did it set forth the specific conduct constituting plaintiff's neglect (see CPLR 3216 [b] [3]). "While an order may have the same effect as a valid 90-day demand, that order must advise as to the consequences for failing to comply, i.e., dismissal of the complaint" (Hilliard, 88 AD3d at 1292 [emphasis added]), and here, the order wholly failed to do so. Inasmuch as the court failed to comply with the conditions precedent to dismissing this action for want of prosecution, we reverse the order appealed from, grant plaintiff's motion, and reinstate the complaint.
We have considered defendants' alternate grounds for affirmance and conclude that, to the extent they are preserved for our review, they are without merit (see Rechberger v Scolaro, Shulman, Cohen, Fetter & Burstein, P.C., 45 AD3d 1453, 1454 [4th Dept 2007]).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court